No. 77.—Elijah Cook, Plaintiff in error, *vs.* Thacker V. Walker and others, defendants in error.

Parties, though provided for in a marriage settlement, if they are not parties to it, nor heirs at law of parties to it, and are not embraced within the scope of the marriage consideration, cannot have it reformed in a Court of Chancery.

In Equity, from Harris Superior Court. Decision by Judge Worrill, April Term, 1856.

Motion to amend complainants' bill and to reform marriage settlement.

The original bill was brought by complainants to enforce their rights and recover a very large estate, which they claimed under and by virtue of the following marriage settlement :

" GEORGIA, HARRIS COUNTY :

Whereas, a marriage is about to be solemnized between Elijah Cook and Mary V. Walker, both of the county of Harris and State of Georgia; and whereas, the said Mary V. is possessed, in her own right, and as of her own property, of a large amount of property—consisting of lands, negroes and stock of all kinds, money and choses in action, and it is desired and agreed between the said Elijah Cook and the said Mary V. Walker, that she, the said Mary V. should have the entire control, rents, issues and profits resulting from and growing out of the said property, and that the title to said property should vest and be in some proper person, for the use, benefit and control of the said Mary V. Walker. *Now this indenture*, made and executed this 18th November, 1834, between Mary V. Walker and Elijah Cook, her intended husband, of the one part, and William G. Walker, of the county of Harris and State aforesaid, of the other part— *Witnesseth*, that the said Mary V. Walker and Elijah Cook, for and in consideration of the said marriage, about to take place and be solemnized, have bargained, sold and conveyed unto the said William G. Walker, (all the property specifying it,) whether in her possession now, or which may hereafter come into her possession, together with the increase of the negroes and the stock, of whatsoever kind it may be. Also, all the property which she may hereafter become entitled to, by descent or distribution, from any person related to her, or by purchase, or by will or gift, from any person whatsoever, together with its increase.

*To Have and to Hold* the said property, with its increase, to Wm. G. Walker, the said trustee, to and for the following uses and trusts, to-wit: that the said Mary V. Walker is and shall be entitled to take and keep possession of the same or

any part thereof, and to appropriate the rents, issues and profits, in any and every way she may think proper; and that she may and shall be at liberty to sell and dispose of and to give away, either by deed, will or otherwise, all or any part of the same, as she may think proper. And the said trustee shall be bound to join in said conveyance except by will, (which she may sign alone,) to any person or persons to whom she may desire it to be made, upon her application, in writing, to said trustee. And that the said Mary V. Walker may and shall have the entire management and control of all the said property, unrestrained, by either the said trustee or her intended husband, Elijah Cook. And in case the said Mary V. Walker should die without making any disposition of the said property, then, the said property, which may belong to her, at the time of her death, shall be divided among her children, if there be any then living ; and in case there be no children, nor issue of children, living at her death, then to be divided among her mother, brother and sisters, share and share alike. The issue of a brother or sister, to share in the place of its father or mother." (The deed then provided for the selection of another trustee, by Mary V. Walker, in certain contingencies, and was signed and attested properly.)

The said Mary V. departed this life without leaving children, and without disposing of said property by will or otherwise, and left her husband, Elijah Cook, the defendant, surviving her, who after her death continued to hold possession of all the estate contained and mentioned in said settlement, and claimed and asserted on absolute unconditional right and title in and to the same. Complainants, as brothers and sisters and the descendants of brothers and sisters of the said Mary V., filed their bill in Chancery against him for the recovery of the property.

Defendant, Cook, met the bill by demurrer on the circuit, and the presiding Judge overruling the same, Cook excepted

Cook vs. Walker.

and carried the case to the Supreme Court. This Court reversed the decision of the Court below, and held that said marriage settlement created or vested no right or interest in said complainants, but that the whole estate passed to the defendant, under the terms, provisions and limitations of said deed.

The plaintiffs, then, in the Court below, moved an amendment to their original and supplemental bill, for the purpose of having said settlement reformed and corrected, so as to express the true intention and meaning of the parties thereto. Said amendment alleging and charging that it was the intention and agreement of the parties, and so they intended to express in said marriage contract, that said Cook should take no interest in said estate, but the same, at the death of said Mary V., was to go to her issue, if she left any, and if not, then to her brothers and sisters.

Defendant Cook objected to the amendment, and after argument and consideration, the Court allowed the amendment, and defendant, by his counsel, excepted, and tenders his bill of exceptions.

SEABORN JONES; and JAMES N. RAMSAY, for plaintiff in error.

WILLIAM DOUGHERTY, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

Mrs. Cook took a fee under the deed of settlement. The gift or settlement over of the remainder is inconsistent with the estate in fee which she holds. There can be no such remainder. *Cook vs. Walker et. al.*, 15 *Ga. Rep.*, 459. That is, the deed of settlement as it stands. The bill alleges that the deed as written does not express the intention of the parties;

sets forth their intent and asks that it may be reformed to conform thereto and be enforced as reformed.

The parties to the settlement are not moving in this case, nor is either of them. The complainants are the brothers and sisters and their personal representatives, and are they who take nothing under the settlement as it stands. They allege that the parties to the agreement conveyed the property, in trust, to be held by the trustee for the sole and separate use of Mary Walker, the wife, during her natural life, with the power of managing and controlling said property, free from any restraint and control of her intended husband, the said Elijah Cook, with the power alone of disposing of said property by will, and of appointing to whom said trustee should convey said property during her natural life, and in the event the said Mary should die intestate and without making such an appointment, that the same should, at her death, become the property of and belong to the children of said Mary, if any, and if none, then to the mother, and brothers and sisters, and representatives—to-wit: children, with the rents and profits and the increase of the same. They allege that the contract, when written, was intended to speak the before stated sense, meaning and understanding, which are not correctly expressed in the agreement as drawn, but on the contrary, the writing is a wholly distinct contract or agreement and gives the property of the said Mary, its increase and its profits to the said Elijah Cook, and defeats the limitation over to complainants, directly in the face of and contrary to the aforesaid explicit and well understood intention of the said Mary and Elijah, agreed on before marriage, &c. This, with the prayer as above stated, is the complainants' case.

The marriage settlement, which they apply to the Court of Chancery to reform, embraces them within its provisions, but it is expressed in such terms that they can never take a benefit under it. It is insisted that though no valuable con-

sideration moved from them by which the settlement might be supported, yet the party from whom the consideration proceeded did intend to provide for them, that they are therefore within the consideration of the contract, and a Court of Chancery, if the writing be so unskilfully drawn or executed, as not to secure to them the rights intended, will reform it.

This position, whatever opinion may be entertained of it as sustained by reason, is not supported by authority. The great principle, which is well settled, that a valuable consideration is requisite to put a Court of Equity in motion, interposes against the plaintiffs. The reply to them by the Court is, that neither you, nor any person under a natural or moral obligation to provide for you, contributed to the consideration of the contract whose defects you propose to heal, and you cannot, therefore, be heard. Parties between whom there is a valuable consideration, may covenant to do an act beneficial to a stranger, and yet that stranger, however strongly he may have been regarded by the parties, cannot enforce the contract. *Colyear vs. Mulgrave*, 2 *Keene*, 81. The complainant in that case was a natural child endeavoring to enforce in Equity, the covenants of her father to transfer the sum of £20,000, to a trustee for the benefit of herself and three sisters, also natural daughters. The Court held, that being natural children, their claim was founded on no consideration either valuable or meritorious, and was entitled to no relief. *See also Hill vs. Gomnae*, 1 *Beavan* 540. They were volunteers. The settler, according to the ethics of the laws of England, was under no natural or moral obligation to provide for them. On that account, although they were special beneficiaries under the deeds, they were strangers to the covenants for their benefit and were not allowed to enforce them. In the case of *Osgood vs. Strode*, Lord Macclesfield stated the rule to be "that the marriage and marriage portion support only the limitation to the husband and wife and their issue, this is all that is presumed to have been stipu-

lated for by the wife or her friends." 2 *Peer Williams* 225. Hence, a Court of Equity would reform or decree a specific performance of a marriage agreement at the instance of the husband or the wife, or the issue, and the heir at law of either, but not at the instance of any one else. It would decree, at the instance of the husband or wife, because they are parties, and of the issue, because they are embraced within the scope of the marriage consideration. It would decree at the instance of the heir at law of either of the parties who would, if in life, be entitled to enforce it, not because he was within the contemplation of the parties when they entered into the agreement, but because if the agreement had been carried out he would have been entitled as heir at law on the death of the party. If a party, entitled to move in the matter, apply to a Court of Equity to reform or enforce the contract, the Court will enforce it as a whole, in favor of all who were intended to be embraced within its provisions, whether they come within the influence of the settlement or not. Such was the case of *Davenport vs. Bishop.* In that case, the husband, on the death of the wife without children, applied to the Court to have the contract performed. The wife had a power of appointment, in that case, which was never exercised, and the husband, on surviving, was entitled to a life estate with remainder to a niece of the wife. The question was whether the decree of specific performance should be confined to the life estate of the husband, or extend to the provision for the niece, who was also dead. It was held that the subject being before the Court, and no creditor objecting to the decree in favor of the niece, the whole should be performed. 2 *Y. & Call. Chan. C.* 451. But that authority does not support this case. A party to the contract competent to ask for the enforcement of it was plaintiff, and the Court having possession of the entire matter would enforce it as a whole or not at all. The objection here is, that the complainants not being within the scope of the marriage con-

sideration cannot move at all.    Such, however, was not the decision of the Judge below, and we reverse his judgment. The complainants are not entitled to the relief they ask. They are not parties to the agreement, they are not the issue of the marriage, and they are not the heirs at law of the wife.    The husband is her heir at law.    *Cobb* 294.

Judgment reversed.